1 DENNIS CUNNINGHAM (SB# 112910)
W. GORDON KAUPP (SB# 226141)
2 115-A Bartlett Street
San Francisco, California 94110
3 (415) 285-8091 / fax: 285-8092

E-filing **FILED**

JAN 1 2 2006

4
RICHARD L. COSHNEAR (SB#222958)
5 719 Orchard Street
Santa Rosa, California 95404
6 (707) 523-1740 / fax: 573-1094

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7
Attorneys for Plaintiff Jose Angel Martinez R.
8

9 IN THE UNITED STATES DISTRICT COURT

10 NORTHERN DISTRICT OF CALIFORNIA

11 SAN FRANCISCO DIVISION

12

13 JOSE ANGEL MARTINEZ ROMERO,

Plaintiff,

v.

C.H.P. Off. DANIEL FREDERICK (#15911)
and JOHN/JANE DOEs 1-X,.

Defendants.

Case No. C-05-3014 MJJ
**E-FILING CASE**

**(REVISED) STIPULATED PROTECTIVE ORDER**

Judge:   Hon. Martin J. Jenkins

20 **STIPULATION**

21 The parties to this action, by and through their attorneys, hereby stipulate that:

22 (1) A party that receives a discovery request that would reach material that it believes is

23 covered by the official information privilege shall only designate such discovery material

24 "Confidential" after making a good faith determination that such protection is warranted;

25 (2) All information that is designated "confidential" by a party is properly subject to

26 protection under FRCP 26(c) and *Kelly v. City of San Jose*, 114 FRD 653 (9th Cir. 1987);

27 (3) ~~The plaintiff~~ A party may challenge the ~~defendant's~~ opposing party's designation of requested discovery

28 information as confidential by engaging in a meet and confer process (in writing or

1  orally), with ~~defense~~ *opposing* counsel, indicating which information ~~plaintiff~~ *The challenging party* believes does not

2  warrant a confidentiality designation. The ~~plaintiff~~ *Challenging party* must then explain the bases for the

3  challenge and try to persuade the ~~agency~~ *opposing party* to change its position. If that direct effort at

4  persuasion fails and ~~plaintiff~~ *The party seeking protection* refuses to accept disclosure pursuant to the Stipulated

5  Protective Order, ~~plaintiff~~ *The challenging party* should turn to the court by filing a focused motion to compel;

6  (4) The burden of justification is on the party seeking protection to show that such protection

7  is warranted;

8  (5) When documents are designated as "confidential" they may be disclosed to the plaintiff

9  subject to the following conditions and this Court's Protective Order:

10  (i)  The documents and their contents may be used by ~~plaintiff~~ *The opposing party* only in this

11  litigation and may not be used in separate proceedings or actions at this time

12  or in the future without first being obtained through proper discovery

13  procedures or court orders in those separate proceedings or trials;

14  (ii) The documents and their contents may not be disclosed, copied, distributed,

15  shown, described or read to any person or entity (including and not limited to

16  media representatives) by ~~plaintiffs~~ *The opposing party* or ~~their~~ representatives or agents other

17  than the parties to this litigation; the parties' attorneys, paralegals, and office

18  staff in this litigation; and the parties' expert consultants in this litigation;

19  (iii) All documents produced subject to this Stipulation and Protective Order and

20  copies thereof will be clearly marked "Confidential" by ~~defendant~~ *The parties* to indicate

21  that they are subject to this Protective Order;

22  (iv) All documents produced subject to this Stipulation and Protective Order and

23  copies thereof must be destroyed or returned to ~~defendant~~ *The opposing party*'s counsel upon

24  termination of this litigation;

25  (v) This Stipulated Protective Order does not in any way affect or prejudice the

26  right of any party at time of trial or other proceedings in this matter to object

27  to the use or admissibility of said documents at the trial or other proceedings;

28  (6) Nothing contained in this order shall prohibit the parties' attorneys from using or

referring to any information designated as confidential and disclosed pursuant to this

Protective Order in motion papers or pleadings filed with the Court, provided that

Case 3:05-cv-03014-MJJ   Document 19   Filed 01/11/2006   Page 3 of 4

1  adequate provision is made to protect the confidentiality of the protected information; and
2  that any portion of such motion papers or legal pleadings that reference any confidential
3  information protected herein be lodged for filing under seal, pursuant to the Court's rules
4  and procedures (see Civil Local Rule 79-5).
5      When filing confidential documents under seal, counsel shall place the documents
6  in a sealed envelope labeled to identify the title of the case, the case number, and the title
7  of the document with instructions that the document is filed pursuant to the Stipulated
8  Protective Order and that the envelope is not to be opened absent further order of the
9  court. For the purposes of any deadline, the date of lodging shall be deemed the date of
10 filing.
11 (7) The parties agree to submit to the jurisdiction of this Court if any dispute arises over their
12 use of the information. The Court's jurisdiction to enforce the terms of this Order shall
13 extend 6 months after the final termination of the action.

                     SO STIPULATED,

DATED: January 10, 2006

                     /s/ W. Gordon Kaupp
                     RICHARD COSHNEAR
                     DENNIS CUNNINGHAM
                     W. GORDON KAUPP
                     Attorneys for Plaintiff

DATED: January 10, 2006

                     /s/ S. Michele Inan
                     BILL LOCKYER
                     TYLER B. PON
                     HEIDI T. SALERNO
                     S. MICHELE INAN

**ORDER**

Upon good cause shown, the above Stipulation of the parties is hereby approved and made the Order of this Court.

DATED: 1/12/2006

_____
HONORABLE MARTIN J. JENKINS
United States District Judge