IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANGEL M. ROMERO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA HIGHWAY PATROL, *et al.*,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C05-03014 MJJ<br><br>**ORDER GRANTING DEFENDANT'S RENEWED MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS AND OTHER DISCOVERY** |

　　　At issue before the Court is defendant Daniel Frederick's renewed motion to compel responses to deposition questions and other discovery relating to plaintiff's immigration status filed October 26, 2006.  (Doc. No. 57.)  Plaintiff Jose Angel M. Romero opposes the Motion.

　　　The specific discovery at issue in the Motion is: 1) responses to deposition questions posed by defendant at the plaintiff's deposition regarding his immigration status, 2) enforcement of defendant's subpoena *duces tecum* to plaintiff's employer Origin Construction Inc., seeking work history and immigration status information,  and 3) responses to defendant's interrogatories to plaintiff regarding plaintiff's plans to return to work in his country of origin which is Mexico.

1    This is not the first time this Court has addressed the parties' dispute over this discovery.
2 Defendant previously filed a similar Motion for an Order Compelling Answers to Deposition
3 Questions (Doc. No. 22), and Plaintiff filed a Motion for a Protective Order (Doc. No. 24). On
4 September 15, 2006, this Court issued an Order granting in part plaintiff's Motion for a Protective
5 Order, and denying in part defendant's Motion to Compel. (Doc. No. 50.) Of importance here, the
6 Court's Order stated: "Should Plaintiff's § 1983 claim survive summary judgment, Defendant may,
7 at that time, renew its Motion to Compel discovery regarding Plaintiff's immigration status." (*Id.* at
8 p. 9, line 25 to p. 10, ln. 2.)

9    Plaintiff seeks past and future wage loss for alleged violations of law under 42 U.S.C.
10 §1983 and California law. Therefore, defendant is entitled to discovery information about plaintiff's
11 work history and immigration status as that information is relevant to plaintiff's claim for past and
12 future wage loss damages.[1] If plaintiff is not lawfully available for past and future work in the
13 United States because of his immigration status, he is not permitted to recover compensation based
14 on United States wage rates to which he is not legally entitled. See *Hoffman Plastic Compounds,*
15 *Inc. v. National Labor Relations Board*, 535 U.S. 137, 151 (2002); *Rivera, et al. v. NIBCO, Inc.,* 364
16 F.3d 1057, 1069 (9th Cir. 2004). Plaintiff, relying upon *Rivera, et al. v. NIBCO*, and other authority,
17 asserts that discovery sought by defendant would prejudice and chill his right to seek compensation
18 for his injuries under 42 U.S.C.§ 1983 and under California State law. The Court has reviewed the
19 authorities cited by plaintiff and finds that the public and private interests relating to defendant's
20 right to discover and present evidence to the jury that contradicts or undermines plaintiff's claim for
21 past and future wages outweighs any prejudice resulting from disclosure. Moreover, because trial in
22 this matter is set to begin on March 6, 2007, the Court finds that defendant's interest in obtaining the
23 sought after discovery to impeach defendant's claim for past and future wage loss outweighs
24 plaintiff's interest in non disclosure of clearly relevant discovery.

25    Additionally, under California law, plaintiff may be entitled to recover future wages he might
26 expect to receive in his country of origin if he were to return there voluntarily or involuntarily. *See*

---

[1] The Court has ruled that the immigration information is not relevant to liability claims in the case. (Order, Sept. 15, 2006, p. 6, 1n 1-4.)

2

*Rodriquez v. Kline*, 186 Cal.App.3d 1145, 1148-49 (1986).

    Accordingly, for the reasons set forth above, this Court orders that defendant's renewed motion to compel answers to deposition questions and other discovery is granted. Plaintiff's deposition is to be re-adjourned no later than March 2, 2007 and plaintiff is to answer the deposition questions set forth in defendant's renewed motion to compel.

    Defendant is permitted to enforce his subpoena *duces tecum* to Origin Construction, Inc., a copy of which is attached to plaintiff's motion for protective order filed March 27, 2006 as Exhibit B, without further objection from plaintiff, and to take the deposition of Origin Construction Inc., if necessary, within 5 days after receipt of a response to the subpoena *duces tecum*. Finally, plaintiff is ordered to answer defendant's interrogatories served March 10, 2006, no later than February 27, 2007.[2]/[3]

Dated: February 14, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[2] The subject interrogatories are attached as Exhibit 2 to defendant's objections to plaintiff's proposed order on defendant's renewed motion to compel filed December 11, 2006.

[3] The Court has determined that the discovery sought by defendant in this motion is relevant only on the issue of past and future damages. Plaintiff has requested and the Court hereby grants plaintiff's request to stay enforcement of this order until Tuesday, February 20, 2007 at 5:00 p.m.

3