IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMERO, | No. C05-03014 MJJ |
| Plaintiff, | **ORDER GRANTING MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS** |
| v. | |
| FREDERICK ET AL, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Plaintiff Jose Angel Martinez Romero's Motion For Review Of Clerk's Taxation Of Costs. (Docket No. 137.) Defendant opposes the Motion. Having considered the parties' submissions, the Court deems the Motion appropriate for resolution without oral argument.

Accordingly, the Court **VACATES** the hearing in this matter, **GRANTS** the Motion, and declines to award costs in this action.

## FACTUAL BACKGROUND

On July 25, 2005, Plaintiff field a complaint against Defendants CHP Officer Dan Frederick and the California Highway Patrol alleging that Defendants used excessive force in arresting him. On September 29, 2005, Plaintiff voluntarily dismissed his claims against the California Highway Patrol. The action came before the Court for jury trial in March 2007. On March 14, 2007, the jury found in favor of Defendant Frederick on Plaintiff's excessive force claim. On March 26, 2007, the Court entered judgment in favor of Defendant Frederick.

On April 9, 2007, Defendant Frederick submitted a Bill of Costs, requesting an award of $8,519.20 in costs. Plaintiff submitted an opposition. On September 28, 2007, the Clerk taxed $7,213.17 in costs against Plaintiff.

On October 3, 2007, Plaintiff filed the instant motion seeking the Court's review of the Clerk's taxation of costs. Plaintiff contends that no costs should be taxed in this case. Defendant Frederick filed an opposition, and Plaintiff filed a reply.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit may recover its costs "unless the court otherwise directs." Rule 54(d) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 592 (9th Cir. 2000) (en banc). The losing party bears the burden of making a showing that an award would be inequitable under the circumstances. *See National Information Servs. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995), *overruled in part on other grounds*, 231 F.3d 572 (9th Cir. 2000).

**ANALYSIS**

Plaintiff asserts multiple grounds for a denial of an award of costs, including Plaintiff's alleged indigence, the chilling effect of imposing costs on civil rights litigants, the public importance of the issues in the case, the closeness of the case, and the merits of plaintiff's case. In the alternative, Plaintiff challenges the award of specific costs, including the cost of deposition subpoenas and deposition transcripts.

A combination of several of these factors lead the Court to decline to award costs in this matter. Although Plaintiff has not presented evidence sufficient to show actual indigence,[1] the record before the Court makes clear that Plaintiff, a seasonal construction worker without legal immigration status making no more than $15 per hour – is an individual of modest means. There is a significant economic disparity between Plaintiff and the California Highway Patrol, the state entity

---

[1] "Indigency is a factor that the district court may properly consider in deciding whether to award costs." *Stanley v. University of Southern California*, 178 F.3d 169, 1079 (9th Cir. 1999). However, the burden is on the losing party to substantiate a claim of indigency. *See Terry v. Allstate Ins. Co.*, 2007 WL 3231716 at *5 (E.D. Cal. Nov. 1, 2007); *Corder v. Lucent Techs. Inc.*, 162 F.3d 924, 929 (7th Cir. 1998).

2

seeking to recover costs in this action.[2] Against this backdrop, imposing the cost bill on Plaintiff would lead to a harsh result that could chill individual litigants of modest means seeking to vindicate important rights under the civil rights laws. *See Schaulis v. CTB/McGraw-Hill Inc.*, 496 F. Supp. 666, 680 (N.D.C.A. 1980); *Stanley v. University of Southern California*, 178 F.3d 1069, 1080 (9th Cir. 1999).

The closeness of the case also leads the Court to conclude that an award of costs would be inequitable in this situation. There was sharply conflicting testimony presented at trial regarding Defendant Frederick's conduct and use of force. The jury's evaluation of the witnesses' competing versions of events turned largely on credibility issues, and the answers were far from obvious. Although Plaintiff was ultimately not successful, his case was not without merit.

## CONCLUSION

Considering the totality of the circumstances, the Court regards it as inequitable to impose the State's requested cost bill on the Plaintiff. Accordingly, the Court **VACATES** the hearing in this matter**, GRANTS** Plaintiff's motion, and declines to award costs in this matter.

**IT IS SO ORDERED.**

Dated: January 14, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's Bill of Costs (Docket No. 134) indicates that the California Highway Patrol is the claimant seeking to recover costs in this action.